**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Tybetha Will Prosper, as Trustee for the next of kin of Naajikhan Adonis Powell, Deceased,

  Plaintiff,

  vs.

Inny Angrimson, in her individual capacity, Kilhlah Leuzzo, in her individual capacity, Erin Cottom, in her individual capacity, Scott Johnson, in his individual capacity, Anthony Hamling, in his individual capacity, Hennepin Healthcare System, Inc., and County of Hennepin, Minnesota,

  Defendants.

Case No. 21-cv-00627 (SRN/TNL)

**DEFENDANTS' JOINT AND SEPARATE ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

---

## ANSWER

Defendants Inny Angrimson, Kilhlah Leuzzo, Erin Cottom, Scott Johnson, Anthony Hamling, Hennepin Healthcare System, Inc., and County of Hennepin, Minnesota, for their Joint and Separate Answer to the First Amended Complaint ("FAC"), herein admit, deny, and allege as follows:

1. Defendants Angrimson, Leuzzo, and Hennepin Healthcare System, Inc. ("HHS") (collectively "the HHS Defendants") deny each and every allegation contained in the FAC except as hereinafter admitted, qualified, or otherwise explained.

2. Defendants Erin Cottom, Scott Johnson, Anthony Hamling, and County of Hennepin, Minnesota ("Hennepin County") (collectively "the County Defendants") deny

each and every allegation contained in the FAC except as hereinafter admitted, qualified, or otherwise explained.

## INTRODUCTION

3.      Responding to paragraph 1 of the FAC, the HHS and the County Defendants admit that on September 11, 2020, Naajikhan Adonis Powell hung himself at the Hennepin County Adult Detention Center ("ADC"), otherwise known as the Hennepin County Jail, and died on September 17, 2020. The HHS and the County Defendants are without sufficient knowledge and information to admit or deny the allegation that more detainees have died since 2015 at the ADC than at any other detention center in Minnesota over the referenced period of time and therefore put Plaintiff to her strict burden of proof. The HHS and the County Defendants state that to the extent that paragraph 1 characterizes this action or states legal conclusions, it is not a pleading to which a response is required. The HHS and the County Defendants deny all remaining allegations in paragraph 1.

4.      Responding to paragraph 2 of the FAC, the HHS and the County Defendants admit that Plaintiff Tybetha Will Prosper asserts claims under 42 U.S.C. § 1983, as well as a claim for negligence, and that Plaintiff seeks money damages. The HHS and the County Defendants deny they are liable, deny they were negligent, deny they were deliberately indifferent to Mr. Powell's medical needs, deny that Plaintiff is entitled to the relief she seeks, and deny all remaining allegations in paragraph 2.

## PARTIES

5.      Responding to paragraph 3 of the FAC, the HHS and the County Defendants admit that Mr. Powell was male and died on September 17, 2020, at the age of 23. The

HHS and the County Defendants lack sufficient knowledge and information to admit or deny the allegation that Mr. Powell resided in Minneapolis and was a citizen of the United States at the time of his death and put Plaintiff to her strict burden of proof. The HHS and the County Defendants deny all remaining allegations in paragraph 3.

6.      Responding to paragraph 4 of the FAC, the HHS and the County Defendants admit that on October 7, 2020, an order appointing Plaintiff as Trustee for the next of kin of Mr. Powell was issued, and that Exhibit A to the initial Complaint appears to be a true and correct copy of that order. The HHS and the County Defendants lack sufficient knowledge and information to admit or deny the remaining allegations in paragraph 4 and therefore put Plaintiff to her strict burden of proof.

7.      The HHS and County Defendants lack sufficient knowledge and information to admit or deny the allegations in paragraph 5 of the FAC and therefore put Plaintiff to her strict burden of proof.

8.      Responding to paragraph 6 of the FAC, the HHS and the County Defendants admit that Plaintiff claims to bring this action on behalf of Mr. Powell's next of kin.

9.      Responding to paragraph 7 of the FAC, the County Defendants admit that Hennepin County is a county located in the State of Minnesota, a political subdivision of the State of Minnesota, a body politic and corporate under Minn. Stat. § 373.01, subd. 1(a), and a municipality under Minn. Stat. § 466.01, subd. 1. The County Defendants admit that the Hennepin County Sheriff's Office is a department of Hennepin County, and that Hennepin County owns and operates the ADC. The County Defendants admit that HHS is a wholly owned subsidiary of Hennepin County but deny that Hennepin County operates

HHS. The County Defendants deny all remaining allegations in paragraph 7. Because the allegations in paragraph 7 are directed to the County Defendants only, they require no response from the HHS Defendants.

10.     Responding to paragraph 8 of the FAC, the HHS Defendants admit the allegations contained therein, but clarify that the legal name of the entity at issue is Hennepin Healthcare System, Inc. d/b/a Hennepin County Medical Center. Because the allegations in paragraph 8 are directed to the HHS Defendants only, they require no response from the County Defendants.

11.     The HHS and the County Defendants deny the allegations in paragraph 9 of the FAC.

12.     The HHS and the County Defendants admit the allegations in paragraph 10 of the FAC.

13.     The allegations in paragraph 11 of the FAC state a legal conclusion that requires no response. To the extent a response is required, the HHS and the County Defendants deny the allegations in paragraph 11.

14.     The HHS and the County Defendants deny the allegations in paragraph 12 of the FAC.

15.     The allegations in paragraph 13 of the FAC are legal conclusions that require no response. To the extent a response is required, the County Defendants deny the allegations in paragraph 13. Because the allegations in paragraph 13 are directed to the County Defendants only, they require no response from the HHS Defendants.

16.     Responding to paragraphs 14 and 15 of the FAC, the HHS Defendants admit that on September 11, 2020, HHS employed Nurse Angrimson and Nurse Leuzzo, who resided in Minnesota and who were acting under color of state law while on duty at the ADC. The HHS Defendants deny the remaining allegations in paragraphs 14 and 15. Because the allegations in paragraphs 14 and 15 are directed to the HHS Defendants only, they require no response from the County Defendants.

17.     Responding to paragraphs 16-18 of the FAC, the County Defendants admit that on September 11, 2020, Hennepin County employed Detention Deputy Erin Cottom, Detention Deputy Scott Johnson, and Detention Deputy Anthony Hamling, who were acting under color of state law while on duty at the ADC. The County Defendants deny all remaining allegations in paragraphs 16-18. Because the allegations in paragraphs 16-18 are directed to the County Defendants only, they require no response from the HHS Defendants.

## JURISDICTION AND VENUE

18.     The allegations in paragraph 19 of the FAC are legal conclusions that require no response. To the extent a response is required, the HHS and the County Defendants admit only that this Court has jurisdiction over Plaintiff's claims, but they deny that Plaintiff possesses any viable claims under federal or state law. The HHS and the County Defendants deny all remaining allegations in paragraph 19.

19.     The allegations in paragraph 20 of the FAC are legal conclusions that require no response. To the extent a response is required, the HHS and the County Defendants admit only that venue is proper in this Court. The HHS and the County Defendants lack

sufficient knowledge and information to admit or deny the remaining allegations in paragraph 20 and therefore put Plaintiff to her strict burden of proof.

## BACKGROUND

20.    The allegations in paragraphs 21-25 of the FAC are directed to the County Defendants only. Accordingly, they require no response from the HHS Defendants.

21.    Responding to paragraph 21 of the FAC, the County Defendants admit only that correctional staff at the ADC must conduct well-being checks on detainees every 30 minutes or less and that the well-being checks must be staggered. The County Defendants state that to the extent this paragraph references Minn. R. 2911.5000 and Adult Detention Division Policy 8-1600, these documents speak for themselves. The County Defendants deny all remaining allegations in paragraph 21.

22.    Responding to paragraph 22 of the FAC, the County Defendants state that to the extent that this paragraph references Adult Detention Division Policy 8-1602A, Minn. R. 2911.5000, and the American Correctional Association's standards for adult local detention facilities, these documents all speak for themselves. The County Defendants deny all remaining allegations in paragraph 22.

23.    Responding to paragraph 23 of the FAC, the County Defendants admit only that staggered well-being checks may help detention facilities detect and deter detainees' attempts to self-harm. The County Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 23 and therefore put Plaintiff to her strict burden of proof.

24.     Responding to paragraphs 24 and 25 of the FAC, the Hennepin County Defendants deny that any law or policy dictates exactly how to conduct a proper well-being check, and they deny all remaining allegations in paragraphs 24 and 25.

25.     The HHS and the County Defendants deny the allegations in paragraphs 26 and 27 of the FAC.

26.     The allegations in paragraphs 28-42 of the FAC are directed to the County Defendants only. Accordingly, they require no response from the HHS Defendants.

27.     Responding to paragraph 28 of the FAC, the County Defendants admit only that there have been at least 10 in-custody deaths of detainees at the ADC or other County correctional facilities since January 1, 2015. The County Defendants lack information sufficient to admit or deny the allegation that most or many of the deaths were suicides and therefore put Plaintiff to her strict burden of proof. The County Defendants deny the remaining allegations in paragraph 28.

28.     The County Defendants deny the allegations in paragraph 29 of the FAC.

29.     Responding to paragraphs 30-32 of the FAC, the County Defendants admit only that the 2016 and 2018 reports related to the Minnesota Department of Corrections' ("DOC") inspection of the ADC speak for themselves. The County Defendants deny all remaining allegations in paragraphs 30-32.

30.     Responding to paragraphs 33 and 34 of the FAC, the County Defendants admit only that on June 3, 2017, Robert Kellermeier was found hanging in his cell at the ADC, and that the DOC conducted a review of Kellermeier's death. To the extent these paragraphs reference a November 29, 2017 letter from the DOC regarding Kellermeier's

death, that letter speaks for itself. The County Defendants deny that lack of proper well-being checks caused Kellermeier's death and deny all remaining allegations in paragraphs 33 and 34.

31.     Responding to paragraph 35 of the FAC, the County Defendants admit only that on July 1, 2017, Bearheart Buehlmann died of a drug overdose in his cell at the Hennepin County Adult Correctional Facility.  The County Defendants state that to the extent this paragraph references a January 3, 2018 letter from the DOC regarding Buehlmann's death, that letter speaks for itself. The County Defendants deny that lack of proper well-being checks caused Buehlmann's death and deny all remaining allegations in paragraph 35.

32.     Responding to paragraph 36 of the FAC, the County Defendants admit only that on January 21, 2018, Kristina Duren died of a drug overdose at the ADC. To the extent this paragraph references a September 19, 2018 letter from the DOC regarding Duren's death, that letter speaks for itself. The County Defendants deny that lack of proper well-being checks caused Duren's death and deny all remaining allegations in paragraph 36.

33.     Responding to paragraph 37 of the FAC, the County Defendants admit only that on August 2, 2018, Miguel Garcia was found hanging in his cell at the ADC. The County Defendants state that to the extent that this paragraph references a March 14, 2019 letter from the DOC regarding Garcia's death, that that letter speaks for itself. The County Defendants deny that lack of proper well-being checks caused Garcia's death and deny all remaining allegations in paragraph 37.

34.     Responding to paragraph 38 of the FAC, the County Defendants admit only that on September 12, 2019, Tristan Keys was found hanging in his cell at the ADC. The County Defendants state that to the extent that this paragraph references a March 14, 2019 letter from the DOC regarding Keys' death, that that letter speaks for itself. The County Defendants deny that lack of proper well-being checks caused Keys' death and deny all remaining allegations in paragraph 38.

35.     Responding to paragraphs 39-42 of the FAC, the County Defendants admit only that on September 11, 2020, Mr. Powell hung himself at the ADC and later died. The County Defendants state that to the extent that these paragraphs reference the DOC's 2020 inspection report, that that report speaks for itself. The County Defendants deny that lack of proper well-being checks caused Mr. Powell's death and deny all remaining allegations in paragraphs 39-42.

36.     The HHS and the County Defendants lack sufficient knowledge and information to admit or deny the allegations in paragraph 43 of the FAC and therefore deny the same.

37.     Responding to paragraph 44 of the FAC, the HHS and the County Defendants admit only that on January 13, 2020, the Fourth Judicial District Court issued an Order for Continued Commitment in Court File No. 27-MH-PR-19-670, a civil commitment case in which Mr. Powell was the respondent. The Order for Continued Commitment speaks for itself. The HHS and the County Defendants deny the remaining allegations in paragraph 44.

38.     Responding to paragraph 45 of the FAC, the HHS and the County Defendants admit only that on January 16, 2020, a criminal FAC was filed in the Fourth Judicial District Court, Court File No. 27-CR-20-1469. The criminal FAC speaks for itself. The HHS and the County Defendants deny all remaining allegations in paragraph 45.

39.     Responding to paragraph 46 of the FAC, the HHS and the County Defendants state that to the extent this paragraph references the Fourth Judicial Court's Ex Parte Order for Emergency Return to Facility in Court File No. 27-MH-PR-19-670, such document speaks for itself. The HHS and the County Defendants deny all remaining allegations in paragraph 45.

40.     The HHS and the County Defendants lack sufficient knowledge and information to admit or deny the allegations in paragraph 47 and put Plaintiff to her strict burden of proof.

41.     Responding to paragraph 48 of the FAC, the HHS and the County Defendants admit only that on July 14, 2020, Mr. Powell was accepted to Mental Health Court in connection with Court File No. 27-CR-20-1469. The HHS and the County Defendants deny the remaining allegations in paragraph 48.

42.     Responding to paragraph 49 of the FAC, the HHS Defendants admit that Mr. Powell received certain medical treatment and care at Hennepin County Medical Center as more fully set forth in the medical records, but any and all other allegations adverse to these answering Defendants are denied. Because the allegations in paragraph 49 are directed to the HHS Defendants only, they require no response from the County Defendants.

43.     Responding to the allegations in paragraph 50 of the FAC, the County Defendants state that to the extent that this paragraph references a chronological note by Mr. Powell's probation officer, James Burnett, dated July 19, 2020, that that note speaks for itself. The County Defendants deny the remaining allegations in paragraph 50. Because the allegations in paragraph 50 are directed to the County Defendants only, they require no response from the HHS Defendants.

44.     Responding to paragraph 51 of the FAC, the HHS Defendants admit that Mr. Powell received certain medical treatment and care at Hennepin County Medical Center as more fully set forth in the medical records, but any and all other allegations adverse to these answering Defendants are denied. Because the allegations in paragraph 51 are directed to the HHS Defendants only, they require no response from the County Defendants.

45.     Responding to paragraph 52 of the FAC, the HHS Defendants are without sufficient knowledge and information to admit or deny the allegations and put Plaintiff to her strict burden of proof. Because the allegations in paragraph 52 are directed to the HHS Defendants only, they require no response from the County Defendants.

46.     Responding to paragraphs 53-57, 59, 62, and 65-70 of the FAC, the HHS Defendants admit that Mr. Powell received certain medical treatment and care at Hennepin County Medical Center as more fully set forth in the medical records, but any and all other allegations adverse to these answering Defendants are denied. Because the allegations in paragraphs 53-57, 59, 62, and 65-70 are directed to the HHS Defendants only, they require no response from the County Defendants.

47.     The HHS Defendants and the County Defendants deny the allegations in paragraph 58 of the FAC.

48.     Responding to paragraph 60 of the FAC, the HHS and the County Defendants are without sufficient knowledge and information to admit or deny the allegations and therefore put Plaintiff to her strict burden of proof.

49.     Responding to paragraph 61 of the FAC, the HHS and the County Defendants admit only that on August 14, 2020, in Court File No. 27-CR-20-1469, the Fourth Judicial District Court issued an Order to Appear, which speaks for itself. The HHS and County Defendants deny all remaining allegations in paragraph 61.

50.     Responding to the allegations in paragraphs 63 and 64 of the FAC, the HHS and the County Defendants admit that on August 17, 2020, Michael Francis, Mr. Powell's caseworker, submitted an Emergency Notice of Intent to Revoke Provisional Discharge in Court File No. 27-MH-PR-19-670, which speaks for itself. The HHS and the County Defendants further admit that on August 17, 2020, in Court File No. 27-MH-PR-19-670, the Fourth Judicial District Court issued an Ex Parte Order for Emergency Return to Facility, which speaks for itself. The HHS and the County Defendants deny the remaining allegations in paragraphs 63 and 64.

51.     Responding to paragraph 71 of the FAC, the HHS and the County Defendants admit that on September 10, 2020, Zachary Lenshek, a registered nurse and a psychiatric program advocacy specialist employed by HHS, sent a text message to HCSO Deputy Jason Miller, a member of HCSO's transport unit. The HHS and the County Defendants deny all remaining allegations in paragraph 71.

52.     Responding to paragraph 72 of the FAC, the County Defendants admit that at that time, Deputy Jason Miller's duties included coordinating transportation of individuals from HCMC to the ADC, and that transportation of individuals from HCMC to the ADC was not unusual. Because the allegations in paragraph 72 are directed to the County Defendants only, they require no response from the HHS Defendants.

53.     Responding to paragraphs 73 and 74 of the FAC, the HHS and the County Defendants state that to the extent these paragraphs reference text messages from Nurse Lenshek to Deputy Jason Miller on September 10 and 11, 2020, such messages speak for themselves. The HHS and the County Defendants deny all remaining allegations in paragraphs 73 and 74.

54.     Responding to paragraph 75 of the FAC, the HHS Defendants admit that Mr. Powell received certain medical treatment and care at Hennepin County Medical Center as more fully set forth in the medical records but deny any and all other allegations adverse to these answering Defendants. Because the allegations in paragraph 75 are directed to the HHS Defendants only, they require no response from the County Defendants.

55.     Responding to paragraph 76 of the FAC, the County Defendants admit that Deputy Jason Miller contacted Deputy Sutton and Deputy Cindy Miller about transporting Mr. Powell from HCMC to the ADC. The County Defendants deny the remaining allegations in paragraph 76. Because the allegations in paragraph 76 are directed to the County Defendants only, they require no response from the HHS Defendants.

56.     Responding to paragraphs 77 and 78 of the FAC, the HHS and the County Defendants admit that Deputy Sutton entered B2ICU on September 11, 2020, and placed

Mr. Powell in handcuffs. To the extent these paragraphs reference body-worn camera footage of the September 11, 2020 transport, such footage speaks for itself. The HHS and County Defendants deny all remaining allegations in paragraphs 77 and 78.

57.     Responding to paragraphs 79-81 of the FAC, the HHS and the County Defendants admit that Mr. Powell was transported from HCMC to the ADC with a manila envelope. To the extent these paragraphs reference body-worn camera footage of the September 11, 2020 transport, such footage speaks for itself. The HHS and the County Defendants lack sufficient knowledge and information to admit or deny the remaining allegations in paragraphs 79-81 and put Plaintiff to her strict burden of proof.

58.     The allegations in paragraphs 82-95 are directed to the County Defendants only. Accordingly, they require no response from the HHS Defendants.

59.     Responding to paragraph 82 of the FAC, the County Defendants admit that on September 11, 2020, Deputy Sutton and Deputy Cindy Miller transported Mr. Powell from HCMC to the ADC.

60.     The County Defendants lack sufficient knowledge and information to admit or deny the allegations in paragraph 83 of the FAC and put Plaintiff to her strict burden of proof.

61.     The County Defendants deny the allegations in paragraph 84 of the FAC.

62.     Responding to the allegations in paragraph 85 of the FAC, the County Defendants state that to the extent this paragraph references body-worn camera footage of the September 11, 2020 transport, such footage speaks for itself. The County Defendants deny the remaining allegations in paragraph 85.

63.     Responding to the allegations in paragraph 86 of the FAC, the County Defendants admit that multiple HCSO staff members met Deputy Sutton, Deputy Cindy Miller, and Mr. Powell in the garage, sally port, and intake area of the ADC. To the extent this paragraph references body-worn camera footage of the September 11, 2020 transport, such footage speaks for itself. The County Defendants deny the remaining allegations in paragraph 86.

64.     Responding to the allegations in paragraph 87 of the FAC, the County Defendants admit that surveillance cameras and body-worn cameras recorded Mr. Powell in the garage, sally port, and intake area of the ADC. The County Defendants deny the remaining allegations in paragraph 87.

65.     Responding to the allegations in paragraph 88 of the FAC, the County Defendants admit only that multiple HCSO staff members met Deputy Sutton, Deputy Cindy Miller, and Mr. Powell in the garage, sally port, and intake area of the ADC, and that some HCSO staff members knew that Mr. Powell had been transported from a mental health unit at HCMC. The County Defendants lack sufficient knowledge and information to admit or deny the remaining allegations in paragraph 88 and put Plaintiff to her strict burden of proof.

66.     Responding to paragraph 89 of the FAC, the County Defendants admit that the following HCSO staff were in the garage, sally port, and intake area of the ADC when Mr. Powell arrived: Detention Deputy Cara Lange, Detention Sergeant Charles Hubbard, Detention Deputy Chelsea Smith, and Detention Deputy Erin Cottom. The County Defendants deny the remaining allegations in paragraph 89.

67.     Responding to paragraph 90 of the FAC, the County Defendants state that to the extent this paragraph references body-worn camera footage of the September 11, 2020 transport, such footage speaks for itself. The County Defendants deny the remaining allegations in paragraph 90.

68.     Responding to paragraph 91 of the FAC, the County Defendants state that to the extent this paragraph references HCSO's interview of Sergeant Hubbard or HCSO's investigative report, such interview and report speak for themselves. The County Defendants deny the remaining allegations in paragraph 91.

69.     Responding to paragraphs 92-95 of the FAC, the County Defendants state that to the extent these paragraphs reference body-worn camera footage of the September 11, 2020 transport, such footage speaks for itself. The County Defendants deny the remaining allegations in paragraphs 92-95.

70.     The allegations in paragraphs 96-114 of the FAC are directed to the HHS Defendants only. Accordingly, they require no response from the County Defendants.

71.     The HHS Defendants admit the allegations in paragraph 96 of the FAC.

72.     Responding to paragraphs 97-99, 103, and 105-114 of the FAC, the HHS Defendants admit that Nurses Angrimson and Leuzzo provided statements to the Hennepin County Sheriff's Office on or about September 11, 2020 and that what they knew, learned, and reviewed regarding Mr. Powell's past medical history and current medical condition and what they did with that information are set forth, in part, in their recorded statements and that those statements speak for themselves. To the extent any of the allegations contained within these paragraphs of the FAC are contrary to the statements of Nurses

16

Angrimson or Leuzzo, the HHS Defendants deny those allegations. The HHS Defendants specifically deny that they deviated from the standard of care, were negligent, were deliberately indifferent to Mr. Powell's medical needs, or otherwise had any clinical basis to believe that Mr. Powell was a current or future danger to himself or others when he arrived at the ADC.

73.     Responding to paragraph 100 of the FAC, the HHS Defendants admit that Mr. Powell received certain medical treatment and care as more fully set forth in the medical records but deny any and all other allegations adverse to these answering Defendants.

74.     The HHS Defendants are without sufficient knowledge and information to admit or deny the allegations in paragraph 101 of the FAC and therefore put Plaintiff to her strict burden of proof.

75.     Responding to paragraph 102 of the FAC, the HHS Defendants assert that videos of Mr. Powell while he was at the ADC speak for themselves and deny any characterization by Plaintiff that claims or tends to claim that the HHS Defendants deviated from the standard of care, were negligent, were deliberately indifferent to the medical needs of Mr. Powell, or otherwise had any clinical basis to believe that Mr. Powell was a current or future danger to himself or others when he arrived at the ADC.  The HHS Defendants deny the remainder of the allegations in paragraph 102.

76.     Responding to paragraph 104 of the FAC, the HHS Defendants admit that Mr. Powell had been prescribed certain medications over time as more fully set forth in his

medical records, but any and all other allegations adverse to these answering Defendants are denied.

77.     Responding to paragraph 115 of the FAC, the HHS and the County Defendants admit that on September 11, 2020, a Petition for Judicial Recommitment was filed in the Fourth Judicial District Court, Court File No. 27-MH-PR-20-1039, and Mr. Powell was the respondent. The Petition for Judicial Recommitment speaks for itself. The HHS and the County Defendants deny the remaining allegations in paragraph 115.

78.     Responding to paragraphs 116-122 of the FAC, the HHS and the County Defendants admit that on September 11, 2020, an Examiner's Statement in Support of Petition for Commitment was filed in the Fourth Judicial District Court, Court File No. 27-MH-PR-20-1039. The Examiner's Statement speaks for itself. The HHS and County Defendants deny the remaining allegations in paragraph 116-122.

79.     Responding to paragraphs 123-127 of the FAC, the HHS and the County Defendants admit that on September 11, 2020, a Written Request for Authorization to Impose Treatment and Request for Hearing and a Neuroleptic Medication Note for Jarvis Proceedings were filed in the Fourth Judicial District Court, Court File No. 27-MH-PR-20-1039. These documents speak for themselves. The HHS and County Defendants deny the remaining allegations in paragraphs 123-127.

80.     Responding to paragraph 128 of the FAC, the HHS Defendants deny that Nurses Angrimson and Leuzzo were negligent or deliberately indifferent in their medical screening of Mr. Powell. Because this allegation is directed to the HHS Defendants only, it requires no response from the County Defendants. Responding to the remaining

allegations in paragraph 128, the County Defendants admit that Mr. Powell met with Deputy Cottom on the afternoon of September 11, 2020, the same day that a Petition for Judicial Recommitment and a Written Request for Authorization to Impose Treatment and Request for Hearing were submitted in Court File No. 27-MH-PR-20-1039. Because these allegations are directed to the County Defendants only, they require no response from the HHS Defendants. The HHS and the County Defendants deny all remaining allegations in paragraph 128.

81.     The allegations in paragraphs 129-147 of the FAC are directed to the County Defendants only. Accordingly, they require no response from the HHS Defendants.

82.     Responding to paragraph 129 of the FAC, the County Defendants admit that on September 11, 2020, Deputy Cottom was working as a classification officer at the ADC and that a detainee's classification is a part of making a housing assignment for that detainee. The County Defendants further admit that to classify a detainee, Deputy Cottom speaks with the detainee and reviews the ADC's Jail Management System ("JMS"), which contains information about the detainee's history at the ADC, as well as SAND, which contains health information. The County Defendants deny all remaining allegations in paragraph 129.

83.     Responding to paragraph 130 of the FAC, the County Defendants admit only that Deputy Cottom knew that Mr. Powell had been at HCMC. The County Defendants deny all remaining allegations in paragraph 130.

84.     The County Defendants deny the allegations in paragraphs 131-133 of the FAC.

85.     Responding to paragraph 134 of the FAC, the County Defendants admit only that Deputy Cottom gave Mr. Powell a housing assignment in general population, and that housing deputies assigned to general population conducted well-being checks every 30 minutes or less. The County Defendants deny all remaining allegations in paragraph 134.

86.     Responding to paragraph 135 of the FAC, the County Defendants admit that Deputy Cottom assigned Mr. Powell to Quad 3, Mod C, and that Mr. Powell was the only detainee assigned to Quad 3, Mod C at that time. The County Defendants further admit that Deputy Cottom knew that placing someone in seclusion could increase that person's risk of self-harm. The County Defendants deny all remaining allegations in paragraph 135.

87.     Responding to paragraph 136 of the FAC, the County Defendants admit only that Mr. Powell's cell had a bunk bed; that Mr. Powell was provided with a bedroll, including a sheet; and that Mr. Powell was the only detainee housed in Quad 3, Mod C at that time. The County Defendants deny the remaining allegations in paragraph 136.

88.     Paragraph 137 of the FAC appears to be an incomplete sentence and is unintelligible. As such, the County Defendants deny all allegations in paragraph 137.

89.     The County Defendants deny the allegations in paragraphs 138-140 of the FAC.

90.     The County Defendants admit the allegations in paragraph 141 of the FAC.

91.     The County Defendants deny the allegations in paragraph 142-146 of the FAC.

92.     The County Defendants admit the allegations in paragraph 147 of the FAC.

93.     Responding to paragraphs 148-150 of the FAC, the HHS and the County Defendants admit that Mr. Powell received certain medical treatment and care as more fully set forth in the medical records but deny any and all allegations adverse to these answering Defendants.

94.     Responding to paragraph 151 of the FAC, the HHS and the County Defendants state that to the extent that this paragraph references the Hennepin County Medical Examiner's Office's Cause of Death Hierarchy related to Mr. Powell, that that document speaks for itself. The HHS and the County Defendants deny the remaining allegations in paragraph 151.

95.     The HHS and the County Defendants deny the allegations in paragraph 152 of the FAC.

96.     Responding to paragraph 153 of the FAC, the County Defendants admit only that HCSO obtained search warrants to obtain medical records as part of HCSO's investigation of Mr. Powell's death, and the search warrant applications speak for themselves. The County Defendants deny all remaining allegations in paragraph 153. Because the allegations in paragraph 153 are directed to the County Defendants only, they require no response from the HHS Defendants.

## COUNT I

97.     Responding to paragraph 154 of the FAC, the HHS and the County Defendants reallege their answers to all allegations in the FAC.

98.     Responding to paragraphs 155-166 of the FAC, the HHS and the County Defendants state that to the extent that these paragraphs state legal conclusions, they are

not a pleading to which a response is required. The HHS and the County Defendants deny the remaining allegations of paragraphs 155-166.

## COUNT II

99.     Responding to paragraph 167 of the FAC, the HHS and the County Defendants reallege their answers to all allegations in the FAC.

100.    Responding to paragraphs 168-179 of the FAC, the HHS and the County Defendants state that to the extent that these paragraphs state legal conclusions, they are not a pleading to which a response is required. The HHS and the County Defendants deny the remaining allegations in paragraphs 168-179.

## COUNT III

101.    Responding to paragraph 180 of the FAC, the HHS and the County Defendants reallege their answers to all allegations in the FAC.

102.    Responding to paragraphs 181-183 of the FAC, the HHS and the County Defendants state that to the extent that these paragraphs state legal conclusions, they are not a pleading to which a response is required. The HHS and the County Defendants deny the remaining allegations in paragraphs 180-182.

103.    Responding to paragraph 184 of the FAC, the HHS Defendants admit that Nurses Angrimson and Leuzzo are healthcare providers.

104.    Responding to paragraph 185 of the FAC, the HHS and the County Defendants admit that Plaintiff attached a "Declaration of Expert Review" as Exhibit B to the initial Complaint, and further state that this "Declaration of Expert Review" speaks for itself.

105.    Responding to paragraphs 186-191 of the FAC, the HHS and the County Defendants state that to the extent that these paragraphs state legal conclusions, they are not a pleading to which a response is required. The HHS and the County Defendants deny the remaining allegations in paragraphs 186-191.

## JURY DEMAND

106.    Responding to Plaintiff's jury demand, the HHS and the County Defendants admit that Plaintiff demands a trial by jury for issues of fact alleged in the FAC.

## PRAYER FOR RELIEF

107.    Responding to Plaintiff's Prayer for Relief, the HHS and the County Defendants deny that Plaintiff is entitled to the relief she requests in the Prayer for Relief, including paragraphs 1-4.

## AFFIRMATIVE DEFENSES

1.      The FAC fails to state a claim upon which relief may be granted against these answering Defendants.

2.      Plaintiff's claims are barred by equitable doctrines, including laches, estoppel, unclean hands, and/or waiver.

3.      Plaintiff's claims are barred by various immunity doctrines, including qualified immunity, official immunity, statutory immunity, and any other immunities conferred by federal and state statutes or common law.

4.      These answering Defendants affirmatively allege that a proximate or the sole proximate or superseding cause of the Plaintiff's alleged injuries and damages may have been a pre-existing medical condition and/or subsequently occurring medical conditions for which these answering Defendants are not responsible.

5.      These answering Defendants complied in all respects with the applicable standards of care and did not breach any legal duty. Their conduct did not cause any injuries, death, or other damages as claimed in the FAC.

6.      These answering Defendants affirmatively allege that any injuries or damages sustained by the Plaintiff were caused or contributed to by the conduct or actions of the Plaintiff, Mr. Powell, and/or persons, parties, entities, forces, and/or facts and/or circumstances over which these answering Defendants exercised no authority or control.

7.      There is no causal relationship between the actions of these answering Defendants and injuries or damages sustained by Plaintiff, Mr. Powell, or Mr. Powell's next of kin, if any.

8.      The customs, practices, and policies of the HHS Defendants and/or the County Defendants are not deliberately indifferent to and do not violate any person's constitutional rights under the Eighth or Fourteenth Amendments or any other provision of the U.S. Constitution, as alleged in Plaintiff's FAC.

9.      No *Monell* claim has been properly asserted against the HHS Defendants.

10.     The damages available in this litigation, if any, are limited to those available under Minn. Stat. § 573.02 and Minn. Stat. §§ 466.02 and 466.04.

11.     These answering Defendants affirmatively allege that Plaintiff's negligence and medical malpractice claims are governed by Minn. Stat. § 145.682 and demand is hereby made for full and strict compliance therewith.

12.     These answering Defendants affirmatively allege that they are without sufficient knowledge and information at this time to determine the applicability of other affirmative defenses outlined in the Federal Rules of Civil Procedure and, therefore, reserve their right to plead other affirmative defenses or objections or defenses available under the applicable Rules of Civil Procedure.

WHEREFORE, Defendants Angrimson, Leuzzo, Cottom, Johnson, Hamling, HHS, and Hennepin County ask for an Order of the Court as follows:

1.      Dismissing Plaintiff's FAC and granting judgment in favor of Defendants.

2.      Awarding Defendants their costs, disbursements, and attorney fees as allowed by law.

3.      Awarding Defendants such other further relief as this Court deems just and equitable.

MICHAEL O. FREEMAN
Hennepin County Attorney

Dated: June 9, 2021                By:    *s/ Kelly K. Pierce*
                                   KELLY K. PIERCE (0340716)
                                   CHRISTIANA M. MARTENSON (0395513)
                                   Assistant Hennepin County Attorneys
                                   A2000 Government Center
                                   300 South Sixth Street
                                   Minneapolis, MN 55487
                                   Telephone: (612) 348-5518
                                   Kelly.Pierce@hennepin.us
                                   Christiana.Martenson@hennepin.us

                                   *Attorneys for Defendants Erin Cottom, Scott
                                   Johnson, Anthony Hamling, and Hennepin County*


Dated: June 9, 2021                By:    *s/ Matthew S. Frantzen*
                                   MATTHEW S. FRANTZEN (0332793)
                                   KATHERINE L. CLANCY (0399739)
                                   Assistant Hennepin County Attorneys
                                   A2000 Government Center
                                   300 South Sixth Street
                                   Minneapolis, MN 55487
                                   Telephone: (612) 348-5518
                                   Matthew.Frantzen@hennepin.us
                                   Katherine.Clancy@hennepin.us

                                   *Attorneys for Defendants Inny Angrimson, Kilhlah
                                   Leuzzo, and Hennepin Healthcare System, Inc.*

26