IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Tybetha Will Prosper, as Trustee for the
next of kin of Naajikhan Adonis Powell,
Deceased,

        Plaintiff,

Case No. 21-cv-00627 (SRN/TNL)

vs.

**Stipulation for Protective Order**

Inny Angrimson, in her individual capacity,
Kilhlah Leuzzo, in her individual capacity,
Erin Cottom, in her individual capacity,
Scott Johnson, in his individual capacity,
Anthony Hamling, in his individual capacity,
Hennepin Healthcare System, Inc., and
County of Hennepin, Minnesota,

        Defendants.

The parties stipulate that the court may enter the following protective order:

**1**    **Definitions.**  As used in this protective order:

    (a)    "attorney" means an attorney who has appeared in this action;

    (b)    "confidential document" means a document designated as confidential under this protective order;

    (c)    to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

    (d)    "document" means information disclosed or produced in discovery,

including at a deposition;

(e) "notice" or "notify" means written notice;

(f) "outside vendors" means remote deposition service, messenger, copy, coding, and other vendors not employed by a party or its attorneys; and

(g) "party" means a party to this action.

**2  Designating a Document or Deposition as Confidential.**

(a) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

(b) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

(c) Deposition testimony may be designated as confidential:

   (1) on the record at the deposition; or

   (2) after the deposition, by promptly notifying the parties and those who were present at the deposition.

(d) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3  Who May Receive a Confidential Document.**

(a) A confidential document may be used only in this action.

(b) No person receiving a confidential document may reveal it, except to:

    (1)    the court and its staff;

    (2)    an attorney or an attorney's partner, associate, staff, or outside vendors;

    (3)    a person shown on the face of the confidential document to have authored or received it;

    (4)    a court reporter or videographer retained in connection with this action;

    (5)    a party (subject to paragraph 3(c));

    (6)    a witness at the time of preparing for or giving testimony at deposition or trial in this action; and

    (7)    any person who is retained to assist a party or attorney with this action, including, but not limited to, experts, mediators, and arbitrators.

(c)    A party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed to another party, if the confidential document contains:

    i.    "Security information" under Minn. Stat. § 13.37, subd. 1(a);

    ii.    Protected identities under Minn. Stat. § 13.82, subd. 17; or

    iii.    Confidential corrections and detention data under Minn. Stat. § 13.85, subd. 3.

(d) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

4  **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

5  **Use of a Confidential Document in Court.**

(a) Filing. This protective order does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with Local Rule 5.6.

(b) Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

6  **Changing a Confidential Document's Designation.**

(a) Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

(b) Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c) Changing a designation by court order. A party who cannot obtain

4

agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

7    **Handling a Confidential Document after Termination of Litigation.**

(a)    Within 60 days after the termination of this action (including any appeals), each party must return or destroy all confidential documents.

(b)    Notwithstanding paragraph 7(a), each attorney may retain a copy of any confidential document submitted to the court, which materials will otherwise remain subject to this Protective Order, in a secure location, for seven years, or other period of time consistent with applicable data retention practices, after which time the documents will be destroyed.

8    **Survival of Obligations.**  The obligations imposed by this Protective Order survive the termination of this action.

9    **Qualified Protective Order and Specific Authorization in Law.**  To the extent necessary for the production of medical records, this Protective Order serves as a "qualified protective order" pursuant to 45 C.F.R. § 164.512(e)(l)(v) and "specific authorization in law" pursuant to Minn. Stat. § 144.293, subd. 2(2), and the parties hereto that are subject to said statutory obligations may produce all medical or health record information pursuant to this protective

order, including the records of third parties, to the extent such information is otherwise discoverable, i.e., relevant and proportional to the needs of this case.

**10**  **Minnesota Government Data Practices Act.**  To the extent necessary for the disclosure of data classified as "not public" under the Minnesota Government Data Practices Act (Minn. Stat. § 13.01 et seq.), the parties hereto that are subject to said statutory obligations are authorized to disclose not public data consistent with this protective order, including the records of third parties, to the extent such information is non-privileged and responsive and such data may be designated as confidential where appropriate.

**Stipulated to:**

|  |  |
|---|---|
|  | **CONARD NELSON SCHAFFER PLLC** |
| Dated: July 15, 2021 | *s/* Kaarin Nelson Schaffer<br>Kaarin Nelson Schaffer (# 0386919)<br>John C. Conard (# 0386618)<br>121 South 8th St., Ste. 1425<br>Minneapolis, MN 55402<br>Phone: (612) 808-9827<br>kaarin@conardnelson.com<br>john@conardnelson.com |
|  | **NEWMARK STORMS DWORAK LLC** |
|  | *s/* Jeffrey S. Storms<br>Jeffrey S. Storms (# 0387240)<br>Paul C. Dworak (# 391070)<br>150 South Fifth Street, Suite 1850<br>Minneapolis, MN 55402<br>Phone: (612) 455-7050<br>jeff@newmarkstorms.com<br>paul@newmarkstorms.com |
|  | *Attorneys for Plaintiff* |

**MICHAEL O. FREEMAN**

Hennepin County Attorney

Dated: July 15, 2021

By:    *s/ Kelly K. Pierce*
KELLY K. PIERCE (# 0340716)
CHRISTIANA M. MARTENSON (# 0395513)
Assistant Hennepin County Attorneys
A2000 Government Center
300 South Sixth Street
Minneapolis, MN 55487
Phone: (612) 348-5518
Kelly.Pierce@hennepin.us
Christiana.Martenson@hennepin.us

*Attorneys for Defendants Erin Cottom, Scott Johnson, Anthony Hamling, and Hennepin County*

Dated: July 15, 2021

By:    *s/ Matthew S. Frantzen*
MATTHEW S. FRANTZEN (# 0332793)
KATHERINE L. CLANCY (# 0399739)
Assistant Hennepin County Attorneys
A2000 Government Center
300 South Sixth Street
Minneapolis, MN 55487
Phone: (612) 348-5518
Matthew.Frantzen@hennepin.us
Katherine.Clancy@hennepin.us

*Attorneys for Defendants Inny Angrimson, Kilhlah Leuzzo, and Hennepin Healthcare System, Inc.*